# United States District Court
## District of Maine

cc: CNS, USPO, USMS
MC

UNITED STATES OF AMERICA

v.

Case Number 2:98cr15-P-H-03

Entered on Docket: 10-5-98

SOPHIA MARTINI
Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, SOPHIA MARTINI, was represented by Neale A. Duffett, Esq.

The defendant pleaded guilty to count(s) 1.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) (b)(1)(A) and 846 | Conspiracy to Possess Cocaine Base with the Intent to Distribute | 4/10/1998 | 1 |

As pronounced on 10/05/1998, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 5th day of October, 1998.

A TRUE COPY
ATTEST: William S. Brownell, Clerk
By [signature] Deputy Clerk

[signature]
D. BROCK HORNBY
United States District Judge

Defendant's SSN: 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
Defendant's Date of Birth: 09/28/1961
Defendant's USM No.: 03715-036
Defendant's address: 35 Meadowview Terrace, Westerly, RI 02891
Defendant's mailing address: Cumberland County Jail, 50 County Way, Portland, ME 04102

47

Defendant: SOPHIA MARTINI
Case Number: 2:98cr15-P-H-03

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 90 months.

The Court makes the following recommendations to the Bureau of Prisons: That the defendant be enrolled in the 500-Hour Comprehensive Drug Treatment Program.

The defendant is remanded to the custody of the United States Marshal.

**The Court intends that the Defendant receive credit for any time he or she has spent in presentence detention.**

## RETURN

I have executed this Judgment as follows:

______________________________________________

______________________________________________

______________________________________________

Defendant delivered on ______________________ to ______________________________

______________________ at ______________________________, with a certified copy of this Judgment.

______________________________
United States Marshal

By ______________________________
Deputy Marshal

Defendant: SOPHIA MARTINI
Case Number: 2:98cr15-P-H-03

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 60 months.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) and the following additional conditions:

1. Defendant shall not use or possess any controlled substances or intoxicants; and shall participate in a program of drug and alcohol abuse therapy to the satisfaction of the supervising officer. This may include testing to determine if the defendant has made use of drugs or intoxicants.

2. Defendant shall not at any time be in possession, joint, sole, actual, or constructive, of any alcoholic beverage;

3. The defendant shall abstain from the use of any alcoholic beverages, shall not associate with individuals consuming alcoholic beverages, shall not frequent business establishments whose primary product to the consumer is alcoholic beverages, and shall not use any medication containing alcohol without permission from the probation officer or a prescription from a licensed physician;

Defendant: SOPHIA MARTINI
Case Number: 2:98cr15-P-H-03

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: SOPHIA MARTINI
Case Number: 2:98cr15-P-H-03

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | $100.00 | $0.00 | $0.00 |

The defendant shall not pay for costs of incarceration.

Defendant: SOPHIA MARTINI
Case Number: 2:98cr15-P-H-03

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessments; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:
In full immediately.

Defendant: SOPHIA MARTINI
Case Number: 2:98cr15-P-H-03

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report.

See also attached transcript portion (Exhibit A) and Undisputed Findings Affecting Sentencing (Exhibit B) which are incorporated by reference.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 27 |
| Criminal History Category: | III |
| Imprisonment Range: | 120 months (statutory minimum) |
| Supervised Release Range: | 5 years |
| Fine Range: | $12,500.00 to $4,000,000.00 |
| Restitution: | $0 |

Fine waived or below the guideline range because of inability to pay.

The sentence departs from the guideline range upon the motion of the government as a result of defendant's substantial assistance.

EXHIBIT A

(Partial Transcript of Sentencing Hearing held October 5th, 1998, USA v. Sophia Martini, Docket 98-15-P-H-3.)

THE COURT: I've previously studied the presentence report in this matter. Now that I've heard the arguments of the lawyers, the comments of Ms. Martini herself and also of her relatives, I'm prepared to make my findings of fact and conclusions of law and to impose sentence.

At this time I order that the plea agreement be accepted.

At this time I incorporate on the record the undisputed findings of September 9, 1998, with the following additions. First of all, I find in accordance with the stipulation that the substance is crack cocaine.

Before I consider any departure issues, I also find that the criminal history is properly calculated under the guidelines as criminal history Category III. As a result, so far as the guideline calculations are concerned, in light of the statutory minimum, the total offense level of 27, criminal history Category III are superseded by the 10 year minimum sentence, 120 months.

Are there any errors or omissions in the guideline findings before I turn to the departures, Mr. Dilworth?

MR. DILWORTH: No, Your Honor.

THE COURT: Mr. Duffett?

MR. DUFFETT: No, Your Honor.

THE COURT: I have pending before me two motions for departure, one by the defendant and one by the government. The defendant has focused through her lawyer her argument on the criminal history categorization for departure purposes.

And putting aside for the moment the statutory minimum, I would accept the defendant's argument that in this circumstance the criminal history of Category III does overrepresent the criminal history as compared to other defendants in that category in light of the nature of the offenses as set forth both in the presentence report and in the court documents that have been admitted in this sentencing hearing as exhibits. I would in fact depart to a criminal history category of II so far as criminal history is concerned.

It is also the case, however, as the lawyers have averred to that the court is limited in any departure that it can make from a mandatory minimum sentence, and the only basis for going below the statutory minimum is based on the nature of cooperation that is provided in the criteria that are recognized with respect to the statute and with respect to Guideline 5K1.1.

Attorney Duffett has argued that the nature of the

criminal history here should be perceived as reflective of the nature of cooperation here and thereby provide an extra measure of departure downward. Although I appreciate the argument, I find it ultimately not persuasive. The criminal history is not the kind of criterion or criteria that are listed in the guidelines and provided for the court's considering cooperation type departures, and I conclude that I'm not permitted from the criminal history to depart downward.

Instead, the only measure of departure is pursuant to the government's motion for departure which requires me to assess the nature of the cooperation, criteria that are listed in that respect.

I understand both the feelings of Ms. Martini's relatives as well as those of herself that this is a harsh sentence in terms of what has taken place, but that is the Congress's judgment in terms of the mandatory minimum of what is permitted here. It's not open to the Judge in individual cases to second guess that judgment. That's the nature of our federal sentencing process.

The only question for me is to assess the amount of cooperation. And I have read the government's letter, I've heard from both the lawyers, and I conclude that the reduction recommended by the government here is an appropriate assessment of the degree of cooperation that

has taken place. And as a result, I will go below the statutory minimum to the recommended level of 90 months.

That is based upon cooperation that has occurred to date. I make no decision at this point as to whether any later motions for reduction would be granted if there were later cooperation.

Exhibit B

UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

cc: cnsl, uspo
1998 SEP -9 P 1:33
mc
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 98-15-P-H-03 |
| | ) | |
| SOPHIA MARTINI, | ) | |
| | ) | |
| DEFENDANT | ) | |

## UNDISPUTED FINDINGS AFFECTING SENTENCING

As a result of the Guideline Sentencing Conference, I understand that the following matters are not in dispute and I therefore <u>**FIND**</u>:

1. I find the facts as set out in the Presentence Report, as amended by the Addendum, except with respect to the nature of the substance.

2. Under United States Sentencing Commission Guideline (hereinafter "Guideline") 2D1.1(c), the Base Offense Level is 32 if the substance is crack cocaine and 18 if it is cocaine powder.

3. Because Martini was less culpable in offense than two of her co-defendants, the offense is reduced 2 levels. Guideline 3B1.2(b).

4. Martini has accepted responsibility for the offense. The Base Offense Level is decreased 3 levels under Guideline 3E1.1(a), (b).

5. The statutory minimum sentence is 120 months.

6. Martini is not eligible for probation. Guideline 5B1.1(b)(2).

7. Supervised release must be five (5) years if the substance is crack cocaine and three (3) to five (5) years if it is powder cocaine. Guideline 5D1.2(a)(1).

8. Even with the use of a reasonable installment schedule, Martini is unable to pay any fine. No alternative sanction is available.

9. Restitution is not an issue in this case.

SO ORDERED.

Dated this 9th day of September, 1998.

D. Brock Hornby
United States Chief District Judge